Hall, Judge.
 

 An affirmation at the time of sale, is a warranty, provided it appears in evidence to have been so intended. — (S
 
 Term,
 
 57.) Whether it was so intended, is a matter of fact to be left to the Jury. In the present case, whether there is a warranty contained in the deed, on which this action is brought, is a question of law, and of course must bo decided by the Court.
 

 I admit that a bare affirmation is only an inducement to make the contract, but ought not to be considered as part of the contract, and that then' is no remedy upon it unless you bring home a
 
 scienter
 
 to the party making it.
 

 In the case before us, if the words of the deed, on which this suit is brought, had been regarded in the light of an affirmation, and notas a part of the contract, it is to be presumed that they would not have been inserted in the deed; but as the parties thought proper to insert them in the deed, it is a strong circumstance to shew that they were so inserted as a part of the contract.
 

 If they are considered as a part of the contract, their meaning is
 
 obvious;
 
 there can be no doubt about the justice of the verdict. It is stipulated that the slaves are
 
 *62
 
 sound, healthy, free from disease, and slaves for life, and warranted and defended from all manner of claims whatsoever.
 

 There is no doubt but what an action would lie. upon the latter part of the clause, where the titles of the ¿laves are warranted against all claims whatsoever, and I think there is no doubt but an action would lie upon that part of the clause which asserts that they arc si ares for life, because that is a warranty relative to the title
 
 ;
 
 it would seem strange then, that the same words, when applied to the quality of the property sold, would not, also, amount to a warranty of that.
 

 With respect to the fraud complained of by the Defendant, that was laid before the Jury j it was their province to consider of it, and not the province of this Court. They have done so, and their verdict, as far as it is founded upon fact, is not under the control of this Court.
 

 Let the
 
 quo animo,
 
 with which the contract was executed, as e\ ideticed by the deed, be what it might, it is-immaterial :■ it is our duty, only, to say what the con-trae! was, and in doing that, I ■'•oust say, that the contract was such as will sustain this action, and that the rule for a new trial must he discharged.
 

 Taí’í.«ii, Chief-Justice, and Henderson, Judge, concurred.